(February 19, 1976)

■ In the Matter of the Claim of WALTER O. RICKERT, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 20, 1975, which modified and affirmed, as modified, the decision of a referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits effective April 21, 1973 because he was not totally unemployed, charging him with an overpayment of $12.75 in benefits, ruled recoverable, and holding that he willfully made a false statement to obtain benefits for which a forfeiture of eight effective days was imposed. Claimant who had been receiving unemployment benefits since January of 1973 returned to work on Thursday, April 19, 1973 and also concededly worked both Friday, April 20 and Saturday, April 21 in that same week. When he sent in his back-to-work card and his insurance booklet, however, he indicated he had worked only the 19th and 20th, not the 21st, thus making him eligible for partial benefits of $12.75. Claimant, of course, now admits the error but asserts that it was due to mere inadvertence or forgetfulness which occurred because in the past he had usually not worked on Saturday. The board, however, rejected this explanation and concluded instead that claimant had made a willful misrepresentation. The issues presented involve solely questions of fact and credibility, and since there is substantial evidence to support the board's determination, they must be affirmed *(Matter of Bogusky [Catherwood]*, 34 AD2d 871). Decision affirmed, without costs. Greenblott, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.

■ C. A. FOLEY CONSTRUCTION CO., INC., Respondent, v CHESTER C. DAVIS et al., Appellants, et al., Defendant.—Appeal from an order of the Supreme Court at Special Term, entered November 29, 1974 in Chenango County, which granted plaintiff's motion to amend its complaint and denied defendants' cross motion for summary judgment. Special Term properly granted plaintiff's motion to amend its complaint in this action for damages for breach of contract and unjust enrichment for the construction of a dairy barn and office, and denied the cross motion for summary judgment. The proposed amendment alleges that the construction was performed by C. A. Foley and, at the time of plaintiff's incorporation, plaintiff purchased the assets of the C. A. Foley Construction Company owned by C. A. Foley, including appellants' account. Since plaintiff purchased all of the assets of C. A. Foley, doing business as C. A. Foley Construction Co., it was the real party in interest at the time suit was brought. Moreover, appellants cannot claim prejudice since they were fully aware when the action was commenced that all of the work had been done by C. A. Foley prior to plaintiff's incorporation. Order affirmed, with costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.